IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

BETTYE JONES, et al.,

    Plaintiffs,

    v.                                  Case No. 12-CV-185

DAVID G. DEININGER, et al.,

    Defendants.

## CIVIL L.R. 7(h) EXPEDITED NONDISPOSITIVE MOTION
## FOR THE COURT TO ADVANCE CONSIDERATION OF ITS JURISDICTION

Defendants, by their undersigned counsel, hereby respectfully move the Court to advance consideration of its jurisdiction pursuant to Civil Local Rule 7(h).

Plaintiffs recently made the astonishing admission to this Court and to Defendants that Bettye Jones, the *lead* and *only* individual voter plaintiff in this case, is dead. (Dkt. #75.) Not only that, but she died *nearly ten months ago*. (*Id.* at 1.) Plaintiffs did not bother to tell the Court or Defendants about this fact during status conferences on December 18, 2012, January 30, 2013, or July 29, 2013. Plaintiffs did not even disclose that Ms. Jones had taken up residence in Cleveland, Ohio (according to her obituary, again not disclosed by Plaintiffs), sometime prior to her death. *See* Second Declaration of Clayton P. Kawski, Ex. A, filed herewith.

Why this matters is not necessarily Plaintiffs' counsel's failure to fulfill their duty of candor to this Court, or to fulfill their obligations under Federal Rule of Civil Procedure 11, or to timely supplement discovery responses and disclosures under Federal Rule of

Civil Procedure 26. What matters is that this Court's jurisdiction rests upon the fiction that this case is brought by a real (*i.e.*, alive) plaintiff who is threatened with a real injury that can be redressed by an order of this Court. The remaining Plaintiffs—four organizations that are not threatened with any injury by Defendants' enforcement of 2011 Wisconsin Act 23 ("Act 23") because *they have no right to vote*—hid behind the apparent threatened injury to Ms. Jones. But, she had qualifying ID all along,[1] is not alive, and did not even live in Wisconsin at the time of her death and was, thus, not qualified to vote in Wisconsin. Plaintiffs' admission should be addressed swiftly by this Court, which is a Court of *limited* jurisdiction and has a duty to consider its subject matter jurisdiction at every stage in the litigation. *United Phosphorus, Ltd. v. Angus Chem. Co.*, 322 F.3d 942, 946 (7th Cir. 2003).

Defendants have asserted that no plaintiff in this case has standing to assert claims under Section 2 of the Voting Rights Act of 1965 ("Voting Rights Act"). Defendants make essentially the same arguments now; those arguments need not be repeated at length and are contained in Defendants' Brief in Opposition to Plaintiffs' Motion for Preliminary Injunction, Dkt. #43. Absent Plaintiffs filing a motion to amend their complaint to add a new individual voter plaintiff that has standing, this Court lacks jurisdiction to proceed. If Plaintiffs lack standing, the Court lacks jurisdiction, and the case must be dismissed. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992).

Analysis of a party's standing is "gauged by the specific common-law, statutory or constitutional claims that a party presents[] . . . [with] 'careful judicial examination . . . to ascertain whether the particular plaintiff is entitled to an adjudication *of the particular claims*

---

[1] Declaration of Bettye Jones, Dkt. #31 at 5.

asserted.'" *Int'l Primate Prot. League v. Adm'rs of Tulane Educ. Fund*, 500 U.S. 72, 77 (1991) (quoting *Allen v. Wright*, 468 U.S. 737, 752 (1984)) (emphasis in original). Standing under the Voting Rights Act for private litigants—those other than the United States Attorney General—is limited to "aggrieved persons" seeking to enforce their right to vote. 42 U.S.C. § 1973a; *Roberts v. Wamser*, 883 F.2d 617, 621 (8th Cir. 1989); *Assa'ad-Faltas v. S. Carolina*, 2012 WL 6103204, *4 (D. S.C. Nov. 14, 2012); *Clay v. Garth*, 2012 WL 4470289, *2 (N.D. Miss. Sept. 27, 2012) ("The Voting Rights Act authorizes a private cause of action for individuals who are 'aggrieved persons.' 42 U.S.C. § 1973a."); *McGee v. City of Warrenville Heights*, 16 F. Supp. 2d 837, 845 (N.D. Ohio 1998) ("Standing under the Act is limited to 'aggrieved persons,' and that category is confined to persons whose voting rights have been denied or impaired."); *Ill. Legislative Redistricting Comm'n v. LaPaille*, 782 F. Supp. 1267, 1270 (N.D. Ill. 1991). "Aggrieved persons" under the Voting Rights Act are those persons who claim that their right to vote has been infringed because of their race. *Roberts*, 883 F.2d at 621.

Standing under the Voting Rights Act does not extend to non-persons like the four organization Plaintiffs that have no race and, most importantly, have no right to vote. They cannot be "aggrieved persons" under the plain language of the Voting Rights Act.[2] The four organization Plaintiffs lack standing to assert a claim under the Voting Rights Act because they are not voters; Act 23 creates no consequences for them. *See Freedom from Religion Found., Inc. v. Obama*, 641 F.3d 803, 805 (7th Cir. 2011) ("No one has standing to object to a statute that imposes duties on strangers.") Any action these Plaintiffs took in response to Act 23 was entirely voluntary and not compelled by Act 23. The four organization Plaintiffs

---

[2] 42 U.S.C. § 1983 cannot save the four organization Plaintiffs' Voting Rights Act claim because § 1983 does not create a cause of action to assert the rights of third parties. *Ray v. Maher*, 662 F.3d 770, 773 (7th Cir. 2011) ("§ 1983 claims are personal to the injured party.").

lack standing and, with no living Plaintiff in the case that has standing, this Court lacks jurisdiction to proceed.

There is no time like the present to determine whether the Court has jurisdiction before the parties are deep into trial preparation. If the Court does not have jurisdiction, there is no need for a trial in this case. If the Court has jurisdiction, the parties will continue to proceed to trial. With all respect due to the Court, Defendants request that this Court grant this motion and expeditiously advance consideration of its jurisdiction over this case.

Dated this 30th day of August, 2013.

Respectfully submitted,

J.B. VAN HOLLEN
Attorney General

s/Clayton P. Kawski

CLAYTON P. KAWSKI
Assistant Attorney General
State Bar #1066228

MARIA S. LAZAR
Assistant Attorney General
State Bar #1017150

DANIEL P. LENNINGTON
Assistant Attorney General
State Bar #1088694

Attorneys for Defendants

Wisconsin Department of Justice
Post Office Box 7857
Madison, Wisconsin 53707-7857
(608) 266-7477 (Kawski)
(608) 267-3519 (Lazar)
(608) 267-8901 (Lennington)
(608) 267-2223 (fax)
*kawskicp@doj.state.wi.us*
*lazarms@doj.state.wi.us*
*lenningtondp@doj.state.wi.us*