IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

RUTHELLE FRANK, et al.,

    Plaintiffs,

    v.                       Case No. 11-CV-1128

SCOTT WALKER, et al.,

    Defendants.

LEAGUE OF UNITED LATIN AMERICAN
CITIZENS (LULAC) OF WISCONSIN, et al.,

    Plaintiffs,

    v.                       Case No. 12-CV-0185

DAVID G. DEININGER, et al.,

    Defendants.

**DEFENDANTS' CONSOLIDATED REPLY BRIEF IN SUPPORT OF
MOTION TO STAY PERMANENT INJUNCTION PENDING APPEAL**

## INTRODUCTION

    Defendants meet the sliding scale test that the Seventh Circuit follows for a stay of an injunction pending appeal. Defendants are likely to prevail on the merits on appeal because the Court's impermissibly broad permanent injunction causes irreparable harm such that the balance of harms and the public interest favor an injunction.

**ARGUMENT**

## I. THE INJUNCTION IS IMPERMISSIBLY BROAD.

Defendants recognize that the Court has jurisdiction under Federal Rule of Civil Procedure 62(c) to enforce an injunction it properly issued while the case is on appeal. The Court, however, has no authority to act on an injunction that was not properly issued in the first instance when the case is on appeal, such as enjoining enforcement of a law that has not been enacted.

Simply put, a district court cannot assign itself perpetual jurisdiction over a particular type of legislation with a preemptive right to prevent implementation of legislation. Under the current injunction, the Court would retain ongoing supervisory jurisdiction over future voter photo identification laws whether they are enacted in one year, five years, 10 years, or even 50 or 100 years, regardless of the precise form of the law or how circumstances have changed. Plaintiffs cite no cases involving attempts by district courts to enjoin States from passing and enforcing future legislation in this manner. While a district court can enjoin a private party from conspiring to restrain trade not just in Canada but in other foreign countries, as well, *see Zenith Radio Corp. v. Hazeltine Research, Inc.*, 395 U.S. 100, 132 (1969), it is quite another matter to retain jurisdiction to supervise State officials indefinitely into the future, requiring them to seek permission before implementing any yet to be enacted legislation.

In effect, the Court has established a "preclearance" procedure over the State of Wisconsin and election officials. Defendants do not contend that *Shelby County, Alabama v. Holder*, ___ U.S. ___, 133 S. Ct. 2612 (2013), governs this case, merely that the Court cannot use Section 2 of the Voting Rights Act to institute a judicial "preclearance" procedure for Wisconsin like that in Section 5, which notably is not in effect anywhere in the country following the *Shelby County* decision.

Plaintiffs cite a number of cases on mootness that are inapplicable. Defendants are not contending that this case is moot, nor could they when the Wisconsin Legislature has not enacted any new voter photo identification law. The issue is the Court's attempt to retain jurisdiction to supervise all possible future legislation relating to voter photo identification, which is improper when neither the exact terms of any future legislation nor its effects on voters can possibly be known.

## II. THE BALANCE OF HARMS AND THE PUBLIC INTEREST FAVOR A STAY OF THE INJUNCTION.

Plaintiffs are simply incorrect that Defendants did not address the balance of the harms or the public interest. (*See Frank* ECF No. 201:18-19.) Defendants cited several cases that stand for the proposition that a State suffers irreparable injury when it is enjoined from enforcing statutes enacted by the representatives of its people. *See Maryland v. King*, ___ U.S. ___, 133

S. Ct. 1, 3 (2012) (Roberts, C.J., in chambers) (quoting *New Motor Vehicle Bd. of Cal. v. Orrin W. Fox Co.*, 434 U.S. 1345, 1351 (1977) (Rehnquist, J., in chambers)); *see also Aid for Women v. Foulston*, 441 F.3d 1101, 1119 (10th Cir. 2006) (same); *Coalition for Econ. Equity v. Wilson*, 122 F.3d 718, 719 (9th Cir. 1997) (same).

These cases do not automatically entitle a State to a stay of an injunction, but Defendants have made the showing required to satisfy the sliding scale when this recognized irreparable harm is combined with the likelihood of success on the merits in this case. The balance tips in Defendants' favor because Plaintiffs' claims of irreparable harm to themselves are based on the merits of the district court's ruling, which was an incorrect application of the law as explained in Defendants' motion. The public interest also favors an injunction based on the important state interests recognized by the Supreme Court in *Crawford*, such as fraud prevention and safeguarding voter confidence. *Crawford v. Marion Cnty. Election Bd.*, 553 U.S. 181, 196-97 (2008).

# CONCLUSION

For the reasons argued in Defendants' motion and in this reply brief, the Court should stay its permanent injunction pending appeal.

Dated this 6th day of June, 2014.

                                       Respectfully submitted,
                                       J.B. VAN HOLLEN
                                       Attorney General

                                       /s/ Clayton P. Kawski
                                       CLAYTON P. KAWSKI
                                       Assistant Attorney General
                                       State Bar # 1066228

                                       MARIA S. LAZAR
                                       Assistant Attorney General
                                       State Bar # 1017150

                                       BRIAN P. KEENAN
                                       Assistant Attorney General
                                       State Bar # 1056525

                                       Attorneys for Defendants

Wisconsin Department of Justice
Post Office Box 7857
Madison, Wisconsin 53707-7857
(608) 266-7477 (Kawski)
(608) 267-3519 (Lazar)
(608) 266-0020 (Keenan)
(608) 267-2223 (fax)
*kawskicp@doj.state.wi.us*
*lazarms@doj.state.wi.us*
*keenanbp@doj.state.wi.us*

kawskicp\cases\frank - voter id, governor walker, gab, dot\pleadings\reply brief on motion to stay injunction pending appeal - final.doc